UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 7:03-CV-257-KKC

STONEY NEWSOME and                                                                          PLAINTIFFS
LOIS NEWSOME

v.                              **OPINION & ORDER**

COLUMBIA NATURAL RESOURCES, INC.                                             DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Columbia Natural Resources, LLC 's ("Columbia") Motion for Summary Judgment (Rec. No. 42). For the following reasons, the Court DENIES the motion in part and GRANTS the motion in part.

**I. FACTS.**

Plaintiffs, Stoney and Lois Newsome ("Newsome"), own certain real property located on the Left Fork of Beaver Creek in Floyd County, Kentucky (Rec. No. 1, Notice of Removal, ¶ 4). After purchasing the land in 1988, the Newsomes constructed five houses, each with the same floor plan, to be used as rental units on the property. (Rec. No. 51, Deposition of Stoney Newsome, Ex. 6, p. 20-23). On June 17, 2003, a large amount of rainfall caused Beaver Creek to flood, bringing large amounts of water onto Newsome's property and flooding the rental units. (Rec. No. 3, Memorandum of Law in Support of Motion to Remand, p.1).

Defendant, Columbia Natural Resources, LLC ("Columbia") owns and a gas well on a

-1-

tract of property adjacent to Newsome's land.  The well was constructed in 1937 and has operated as a source of natural gas since that time.  (Rec. 51, Ex. 3. p. 31).  Newsome alleges that during the flood, crude oil or another hazardous substance escaped from the well owned by Columbia and came onto the Newsome property.  (Rec. 40, First Amended Complaint, ¶ 5).  He contends that the oil flowing from the well caused physical interference with, and harm to, his five rental properties.  (Rec. 40, ¶ 6).  At this time, Newsome asserts claims against Columbia for trespass, nuisance, negligence per se, and fraud, all of which stem from the flood .  Columbia has filed a Motion for Summary Judgment, and it is this issue now before the court.

**II. STANDARD**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.* at 322-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment

cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.*, 822 F.2d at 1435-36. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F.Supp.2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III. ANALYSIS**

In its Motion for Summary Judgment (Rec. No. 42), Columbia asserts a number of claims. First, it contends that Newsome's claim of trespass must be dismissed because of an inability to establish causation and evidence of actual harm. It also contends that the claim for nuisance fails due to an inability to establish actual damages. Finally, it asserts that Newsome's negligence per se and fraud claims should be dismissed as a matter of law. The Court will address each of these contentions individually.

**A. Trespass**

Kentucky has adopted the *Restatement Second of Torts*' definition of negligent trespass which requires three elements for a successful claim: (1) the defendant must have breached its duty of due care (negligence); (2) the defendant must have cause a thing to enter the land of the plaintiff, and (3) the thing's presence causes harm to the land. Rockwell International Corp. v. Wilhite, 143 S.W.3d 604, 620 (Ky. App. 2003). Columbia asserts that Newsome has failed to produce evidence sufficient to prevail on any of the elements and that the claim must therefore be dismissed. (Rec. No. 42, p. 12-26). While Newsome's evidence is not overwhelming and it may be difficult for him to prevail at trial, the Court finds that he has asserted enough to survive the summary judgment standard.

Mr. Newsome himself alleges that he observed an oily sheen on the top of the waters at the time of the flood. When the water receded, Newsome contends that he noticed an oily residue left on the exterior siding of the five residential homes and on the interior of three of the homes. (Rec. 51, Ex. 6). He has produced the testimony of Marcus Newsome, one of the renters of the property, who said that he saw oil coming from around the well at the time of the flood and

that the oil then came against the five rental properties. (Rec. 51, Ex. 5, p. 22). Newsome also contends that he observed an area of stained vegetation around the well after the flood water receded and that the vegetation was consistent with an oil base. (Rec. 51, Ex. 6). In addition, Newsome has evidence from one of Columbia's own employees suggesting that an amount of oil seeped from the gas well and was "carried off and dispersed" by the floodwaters. (Rec. 46, Ex 2).

This evidence showcases that there are genuine issues of fact to be resolved. Newsome has some amount of evidentiary support to show that the first two elements of negligent trespass have been satisfied and that Columbia was negligent in its upkeep of the gas well and that the gas well leak brought the oil onto his property. Columbia however claims that Newsome has no evidence whatsoever to show that any actual harm has been done to his property. On this point, the issue is much closer, but ultimately summary judgment is still inappropriate.

Kentucky courts have developed a unique approach to the question as to whether a trespass has caused actual harm to another's property. Specifically, they have held that "[d]ecreased fair market value is not harm to the property, it is only a means of measuring the harm." Rockwell, 143 S.W.3d at 621. Kentucky law recognizes a difference between an "injury" and "damages," so that a claim cannot be successful unless it shows that the trespass causes some physical injury to the property itself or an increased risk of a health hazard that causes such physical injury. Id. Thus even if an injury is quantifiable in loss of resale value, it is not actionable under Kentucky law unless it manifests itself in some physical form.

Columbia points to the fact that Newsome is still renting the properties in question as proof that no actual physical loss occurred from the damage and that no recovery is possible. It

analogizes this case to Rockwell Int. Corp. v. Wilhite, where the Kentucky Court of Appeals held that a market value loss based upon the existence of PCBs on the property was not an actual harm under Kentucky law. (Rec. 42, p.20-21). However, this case is substantially different from Rockwell. Here, actual physical injury is alleged. Newsome claims that the houses themselves have been damaged and have become uninhabitable. He alleges that oil still exists in the foundation of the houses and that they will have to be rebuilt in order to fix the problem. While evidence of their current usage as rental property is probative concerning the issue of damages, it does not shed light on the important question under Kentucky law, mainly whether an injury itself has occurred. Because Newsome has sufficient facts alleging an actual physical injury to the property, the third element of negligent trespass is satisfied and his claim is actionable.

### C. Negligence per se

Newsome alleges that Columbia's actions constitute negligence per se due to its alleged violation of the reporting requirements of K.R.S. 224.01-400 and the corrective action requirements of K.R.S. 224.01-405. (Rec. 40, ¶ 12). Under Kentucky law, a violation of a statute can give rise to a civil cause of action for negligence per se if two requirements are satisified: (1) the plaintiff must be a member of the class for whom the statute was intended to protect; and (2) the injury suffered must be of the kind that the statute was designed to prevent. Alderman v. Bradley, 975 S.W.2d 264, 267 (Ky. App. 1997). In this case, neither of these requirements are met.

Kentucky law requires any entity that controls a petroleum product to notify the Environmental Protection Cabinet of any spill of twenty-five gallons or more during a 24-hour period. *See* K.R.S. 224.01-405. Regardless of whether this provision was actually violated

(which is not clear), any potential violation cannot alone give rise to liability. This statute was intended to ensure that the Environmental Protection Cabinet was promptly notified of a potential oil spills, so that it could respond promptly. The injury suffered by any violation of the provision was not to those who may have had their property damaged by the spill, but rather was to the public at large due to the delay caused in notification. This statute was created to force the transmission of information, not to remedy any losses caused. Tort law is the realm for the restitution of injuries caused by spills such as that alleged here and a violation of the reporting requirements cannot replace the proof necessary for Newsome to prevail in that area.

Similarly, any potential violation of K.R.S. 224.01-405(2)'s requirements of corrective action in the event of a release of petroleum products cannot support a finding of negligence per se. This provision was intended to protect the environment by requiring specific types of remedial action by those that have caused an oil release. Again, even if we assume that Columbia violated these provisions, the statute was never intended to remedy any loss created by the release. Rather, it is simply an environmental protection statute and it has no relevance in the determination of the issues of tort law in this case. Therefore, Newsome's claims of negligence per se fail as a matter of law.

**D. Fraud**

Newsome asserts two claims for fraud, arguing that Columbia's alleged failure to provide proper notification of the discharge and misrepresentations to the Division of Waste Management constituted a cognizable claim. Under Kentucky law, a claim for fraud requires proof of five elements. For our purposes, the most significant is that the plaintiff must rely upon the misrepresentation made and suffer an injury. Hardaway Management Co. v. Southerland, 977

S.W.2d 910 (Ky. 1998). Newsome has alleged no injury based upon the representations made by Columbia and has given no evidence to support such a claim. Thus it must be dismissed as a matter of law.

The Court finds that material issues of fact preclude summary judgment on Plaintiff's claim of trespass. However no material issues of fact exist on the issues of negligence _per se_ and fraud. Further, the Court reserves ruling on Plaintiff's nuisance claim until counsel may be heard. Accordingly, Columbia's Motion for Summary Judgment (Rec. 42) is GRANTED in part and DENIED in part. Wherefore, it is hereby ORDERED:

1. Plaintiff's claims for recovery based on negligence _per se_ and fraud are hereby DISMISSED; and

2. Counsel shall be prepared to address the motion for summary judgment on Plaintiff's claim for nuisance during the pre-trial conference on September 28, 2005.

In addition to regular service by mail, a copy of this Order shall be transmitted forthwith to counsel of record by facsimile or by electronic filing.

This the 27th day of September, 2005.

Signed By:
_Karen K. Caldwell_ KKC
United States District Judge